## PAINE ALDRICH *vs.* RALPH EARLE & wife.

On the trial of a writ of entry, under *St.* 1844, *c.* 107, against husband and wife, to assert the title of a creditor of the husband to property alleged to have been conveyed to the wife in fraud of his creditors, declarations of the husband, made after the conveyance, are inadmissible against the wife to prove such fraud.

WRIT OF ENTRY to perfect the demandant's title to a parcel of land in Worcester conveyed by David S. Messinger to Mrs. Earle on the 12th of June 1857, in exchange for a simultaneous conveyance from Mrs. Earle to him of another parcel of land. On the 5th of June 1858, the demandant specially attached the demanded premises, according to the provisions of *St.* 1844, *c.* 107, as Earle's property, in an action against him on a debt due at the time of said conveyances, and recovered judgment, and levied the execution on the premises in July 1858. The defendants jointly pleaded *nul disseisin.*

The case was tried in this court at April term 1859, and reserved, after a verdict for the demandant, upon a report, so much of which as states the point passed upon by the court was thus :

" The demandant introduced evidence tending to show that the demanded premises were conveyed to Mrs. Earle with the design and for the purpose of fraudulently securing the same from attachment by the creditors of Ralph Earle, and delaying, defeating or defrauding such creditors.

" In the course of the trial, the demandant offered the testimony of a witness, for the purpose of impeaching the title of Mrs. Earle, upon the issue of fraud, to the declarations of Ralph Earle, made to the witness in October 1857, in the absence of Mrs. Earle, to the effect that the property was conveyed to his wife because the times were coming on hard, and he wished to secure something to himself and ʋ, make some provision for his family. The tenant objected to the admission of this evidence. But the objection was overruled by the presiding judge, and the evidence admitted."

*T. L. Nelson,* for the tenants.

*F. H. Dewey,* for the demandant. In order to maintain this action, it was necessary for the demandant to show a fraudulent intent upon the part of Ralph Earle in procuring the convey-ance to his wife. Ralph Earle was a party to the record; he was a tenant defending this suit, jointly with his wife; his admissions then were clearly admissible, though made subse-quently to the conveyance. 1 Greenl. Ev. §§ 172–175. *Hodges* v. *Hodges,* 2 Cush. 455. *Burke* v. *Miller,* 7 Cush. 547. *Hurst* v. *Robinson,* 13 Missouri, 82. A fraudulent conveyance may be proved by declarations of the parties in each other's absence, after ground for supposing a fraudulent combination has been established. *M'Kee* v. *Gilchrist,* 3 Watts, 230. The declara-tions of a vendor after sale may be given in evidence, if he remains in possession and control of the property. *Helpick* v. *Stone,* 17 Penn. State R. 143. In questions of fraud, consider-able latitude is indulged in the admission of evidence. *Benham* v. *Cary,* 11 Wend. 84. The facts, admitted in this case, that Mrs. Earle received the conveyance without any consideration on her part, and that Ralph Earle has been and is in possession of the premises, distinguish this present case from many others. If the evidence was admissible for any purpose, a new trial should not be granted.

The decision was made at Boston in June 1860.

BIGELOW, J. The rule is well settled, that the declarations of a grantor, made subsequently to the execution and delivery of a deed, are inadmissible to prove that the title of his grantee is invalid, as being fraudulent against the creditors of the grantor. *Bridge* v. *Eggleston,* 14 Mass. 250. *Foster* v. *Hall,* 12 Pick. 99.

The present case comes within this rule. The declarations of the husband, which were admitted in evidence, were made long after the conveyance; and they were offered, not as affect-ing his rights or interest in the estate, or as the declarations of a party to the record, but for the purpose of impeaching the title which his wife had acquired under his deed. This title was in her own right, though acquired through his instrumentality, and

was held independently of her husband. He had no legal right or power to control or affect it after it became vested in her. There is nothing in the relation of husband and wife, in the absence of proof of agency or other direct authority, which authorizes the husband to disparage, by his acts or declarations, the title of his wife in real property to which she is entitled in her own right.                                  *New trial ordered.*